IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Applicant, | ) ) ) |
| v. | ) ) ) MISC. ACTION NO: _____ |
| BDO USA, LLP | ) ) ) |
| Respondent. | ) ) |

**APPLICATION FOR AN ORDER TO SHOW CAUSE
WHY AN ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Applicant Equal Employment Opportunity Commission ("Applicant" or "EEOC") and files this Application for an Order to Show Cause Why an Administrative Subpoena Should Not Be Enforced, and in support thereof, would show the Court as follows:

I.

1. This is an action for enforcement of a subpoena issued pursuant to Section 710 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-9, in the investigation of a charge of discrimination filed with the EEOC under Title VII and the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d).

2. Jurisdiction is conferred upon the Court by Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), and by Section 11 of the National Labor Relations Act, 29 U.S.C. § 161, as amended, incorporated in Section 710 of Title VII, 42 U.S.C. § 2000e-9.

3. The EEOC is the federal agency charged with the administration, interpretation, and enforcement of Title VII, including the investigation of charges of unlawful employment practices. The EEOC is authorized to bring this action pursuant to Section 710 of Title VII, 42 U.S.C. § 2000e-9, and 29 C.F.R. § 1601.16(c).

4. Respondent BDO USA, LLP ("Respondent" or "BDO") is an employer doing business in the State of Texas with an office and/or facility located at 333 Clay St., Suite No. 4700, Houston, Texas 77002. Respondent also has offices located at, among other places, 130 E. Randolph St., Chicago, Illinois 60601.

5. On July 14, 2015, pursuant to its authority under Section 710 of Title VII, 42 U.S.C. § 2000e-9 (incorporating 29 U.S.C. § 161), the EEOC issued an administrative subpoena, Subpoena No. HU-A15-19 ("Subpoena"). The Subpoena was duly served on Respondent by U.S. certified mail on July 14, 2015, and received by Respondent on or about July 22, 2015.

6. The referenced Subpoena required Respondent to produce documents and information needed as part of the EEOC's investigation of a charge of unlawful employment practices based on gender and national origin discrimination and retaliation, Charge No. 460-2014-03232 ("Charge"), which was filed against Respondent on July 9, 2014.

7. The Subpoena was issued only after multiple attempts were made by the EEOC to gain Respondent's compliance with and participation in the EEOC's investigation of the Charge. The Subpoena is within the EEOC's authority; the demands set forth in the Subpoena are not too indefinite; and the information sought by the Subpoena is relevant to the investigation of the Charge. Further, the Subpoena does not impose an undue burden on BDO.

8. On July 28, 2015, BDO served a Petition to Revoke or Amend Subpoena No. HU-

A15-19 ("Petition"), asking the EEOC to revoke or amend the requests numbered (Nos.) 1-34 of the Subpoena. BDO did not move to modify or revoke Nos. 35-56 of the Subpoena, and, accordingly, waived all defenses and objections to those requests.

9. On October 21, 2015, pursuant to their authority under Title VII and the accompanying federal regulations, the EEOC's Presidentially-appointed Commissioners issued a Determination on Petition to Revoke Subpoena ("Determination"), finding that the Petition raised no grounds that required its revocation or modification, and requiring BDO to fully comply with the Subpoena by November 6, 2015.

10. Despite the findings in the Determination, BDO has, once again, provided only partial responses to the Subpoena requests, and has continued to withhold information. As set forth in detail in the Memorandum in Support of Application ("Memorandum") filed concurrently with and in support of this Application, none of BDO's objections to production, including claims of attorney-client privilege and the attorney work product exemption, have been adequately supported or shown to be valid.

11. Filed with this Application and attached to the accompanying Memorandum is Exhibit "EEOC-DD Dec.," the Declaration of Jennifer Ortiz Prather, Acting Deputy Director of the Houston District office of the EEOC (referenced hereinafter and in the Memorandum as "Declaration" or "DD Dec."). Attached to the Declaration, and incorporated by reference therein, are the following exhibits:

"1": the EEOC's Determination ("Determ.") with its own attached Exhibits "A" to "O";[1]

---

[1] Exhibits "A" to "O" are more fully described in the Exhibit List that follows the Determination in Exhibit "1" to the Declaration. The original attachments to Exhibits "A" to "O" were omitted from the Determination for the sake of brevity. Please note that the Charge, Exhibit "B" to the Determination, has been redacted to remove Charging Party's personal identifying information.

"2": Email from Ann McClintic to James Sacher, dated November 6, 2015;[2]

"3": Email from Connie K. Wilhite to Ann McClintic, dated November 9, 2015;[3]

"4": BDO's Index of Documents; and

"5": BDO's Privilege Log.

12. The Declaration and its exhibits provide the factual basis and support for this Application and the Memorandum, and are hereby incorporated by reference.

II.

Respondent has failed and refused to fully comply with the Subpoena – a subpoena made necessary by BDO's failure to cooperate with the Charge investigation and its disregard of the EEOC's authority – and this failure has delayed and hampered the EEOC's investigation.

WHEREFORE, the Equal Employment Opportunity Commission prays:

a) That the Court issue an Order directing Respondent to appear before this Court and to show cause, if there be any, why an Order should not issue directing Respondent to fully comply with Subpoena No. HU-A15-19;

b) That, upon return of the Order to Show Cause, and after giving Respondent an opportunity to be heard, the Court issue an Order directing Respondent to fully comply with the Subpoena; and

c) That the Equal Employment Opportunity Commission be granted its costs in this matter, and such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

---

2 Exhibits "2" & "3" to DD Dec. have been redacted to remove confidential internal EEOC notations which have no bearing on the text or the substance of the communication itself.

3 *See* n.2 above.

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        1801 L. Street, N.W.
        Washington, D.C.  20507

        /s/ Connie K. Wilhite_____
        CONNIE K. WILHITE
        Senior Trial Attorney
        Attorney-in-Charge
        Texas Bar No. 00792916
        Southern Dist. of Texas No. 23624
        Equal Employment Opportunity Commission
        1919 Smith St., 6th Floor
        Houston, Texas 77002
        (713) 651-4976
        (713) 651-7995 [facsimile]
        connie.wilhite@eeoc.gov

OF COUNSEL:

JIM SACHER
Regional Attorney

ROSE ADEWALES-MENDES
Supervisory Trial Attorney

Equal Employment Opportunity Commission
1919 Smith St., 6th Floor
Houston, Texas 77002