United States District Court
Southern District of Texas

**ENTERED**

June 20, 2018

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Petitioner, | § § | |
| v. | § § | Misc. Action No. H-15-2961 |
| BDO USA, LLP, | § § | |
| Respondent. | § § | |

## ORDER

Pending before the court is BDO USA, LLP's ("BDO") Motion for Protective Order, Disqualification, and Sanctions (Doc. 44).  In the motion, BDO seeks an order confirming that the documents deemed to be privileged by the court shall not be retained by the Equal Employment Opportunity Commission ("EEOC") or used in any way by the EEOC.  BDO also seeks an order prohibiting the EEOC from eliciting from Hang Bower or any other BDO employee or former employee the substance of his or her conversations with Respondent's in-house or outside counsel.  BDO demands production and return of any notes memorializing any conversation with Hang Bower or any other BDO employee or former employee that references a privileged conversation.  Finally, BDO seeks disqualification of the EEOC's Houston office and sanctions in the amount of $22,557 in attorneys' fees.

In response, the EEOC argues that, because this suit is in the context of an administrative investigation, it is not subject to the ethical obligations of attorneys under Federal Rule of Civil

Procedure 26.  Citing University of Penn. v. E.E.O.C., 493 U.S. 182, 192 (1990), the EEOC also argues that it is entitled to seek privileged information because its statutory goal of eradicating discrimination outweighs the public policy of a privilege.  There, the Court rejected the university's assertion of a "new" common-law privilege against the disclosure of peer-review materials and required the university to produce the subpoenaed documents.  Id. at 188-89.

In this case, Respondent seeks to protect its attorney-client privilege, the "oldest of the privileges for confidential communications known to the common law."  Upjohn Co. v. United States, 449 U.S. 383, 389 (1981)(citing 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961).  The purpose of the privilege is to encourage clients to make full disclosure to their attorneys.  Id. at 389 (citing Fisher v. United States, 425 U.S. 391, 403 (1976)).  As eloquently stated by the Court in Hunt v. Blackburn, 128 U.S. 464, 470 (1888):

> The rule which places the seal of secrecy upon communications between client and attorney is founded upon the necessity, in the interest and administration of justice, of the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure.

On April 3, 2018, the court conducted an in camera inspection of the documents withheld by BDO on the basis of privilege and has found, with some exceptions, that most fell within the attorney-

client privilege.[1]  The non-privileged documents were ordered to be disclosed to the EEOC.[2]  The court has also reviewed in camera the documents turned over by Hang Bower to the EEOC and has determined that most were privileged.[3]

A court may issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) upon motion and a showing of good cause and the specific need for such an order.  Landry v. Air Line Pilots Ass'n, 901 F.2d 404, 435 (5th Cir. 1990).  In this context, good cause is defined by the rule as protecting a party from "annoyance, embarrassment, oppression, or undue burden or expense."[4]  The protective order may forbid inquiry into certain matters, or may limit the scope of disclosure or discovery as to certain matters.[5]  Here, the burden is on BDO to prove the necessity of a protective order.

The in camera documents reviewed by the court reflect that both in-house and outside counsel were actively involved in discussions concerning allegations of discrimination and rendered legal advice on those allegations.  Hang Bower was privy to those

---

[1]     See Doc. 43, Min. Entry Ord. Dated Apr. 3, 2018.  Of the 278 documents examined, many were duplicates.

[2]     Id.

[3]     See Doc. 51, Min. Entry Ord. Dated May 17, 2018.  The court has received additional support concerning Document 32 and finds that it is also privileged as an attorney-client communication.

[4]     See Fed. R. Civ. P. 26(c)(1).

[5]     See Fed. R. Civ. P. 26(c)(1)(D).

discussions.  She is not a party before the court, and the court has no means to enforce its findings of privilege as to her.  On the other hand, the party before the court, the EEOC, has taken the position that it has a right to subpoena privileged materials and has not given the court any assurance that it will self-regulate its conduct in light of the court's rulings.  The court finds that the only means to ensure that BDO's attorney-client privilege is preserved is by issuing a protective order proscribing the EEOC's conduct.

It is therefore **ORDERED** that the EEOC shall refrain from communicating with Hang Bower or any other BDO employee or former employee about his or her conversations with, or in the presence of, BDO's in-house or outside counsel with respect to the matters that were subject to the court's in camera review.

BDO has moved to recuse the local EEOC office on the grounds that unknown employees had unauthorized access to its privileged communications and could use that information in its investigation of Respondent.  On May 17, 2018, the court inquired about which employees of the EEOC have had access to the privileged material.  On June 15, 2018, the EEOC filed its response, averring through counsel that only the Regional Attorney, now retired, had access to the privileged materials.[6]  In light of this representation to the court, there is no need to recuse the Houston office of the EEOC

---

[6]    See Doc. 57, Suppl. Resp. to BDO's Mot. for Protective Ord.

4

from its investigation of BDO.

BDO's motion for monetary sanctions is **DENIED.**

**SIGNED** this 20<u>th</u> day of June, 2018.

_____
U.S. MAGISTRATE JUDGE